Filed 3/19/25  L.M. v. Superior Court CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| L.M.,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Real Party in Interest. | B342592<br>(Los Angeles County<br>Super. Ct.<br>No. 18CCJP04689D) |

        ORIGINAL PROCEEDING. Petition for extraordinary writ. (Cal. Rules of Court, rule 8.452.) Stephen Marpet, Judge. Petition granted and remanded.

Los Angeles Dependency Lawyers, Law Office of Martin Lee, Dominika Campbell and Hannah Nava-Holstein for Petitioner.

Children's Law Center of California, Kristin Hallak and Arianna Caruso for Minor.

No appearance for Respondent.

Dawyn R. Harrison, County Counsel, and Sally Son, Deputy County Counsel, for Real Party in Interest.

* * * * * *

Petitioner L.M. (guardian) challenges the juvenile court's order denying return of the child, K.A., and setting a hearing pursuant to Welfare and Institutions Code section 366.26.[1] The guardian contends the court failed to consider all relevant factors in light of recent changes to section 366.25. The guardian requests the order be reversed or, alternatively, the case be remanded for the court to hold a new hearing consistent with the changes in the relevant law. We conclude a new hearing should be held under section 366.25 to determine if returning K.A. would present a substantial risk of detriment to the child based on current circumstances. Thus, the petition for remand of the matter for the court is granted to hold a new hearing in accordance with section 366.25.

### FACTS AND PROCEDURAL HISTORY

The guardian is the maternal grandmother and legal guardian of K.A., now age 13. The juvenile court assumed

---

[1]     All undesignated statutory references are to the Welfare and Institutions Code.

jurisdiction when the Los Angeles County Department of Children and Family Services (DCFS) filed a section 300 petition in October 2022, alleging the guardian endangered K.A. by transporting the child in a vehicle containing two methamphetamine pipes. The drug paraphernalia was located near K.A.'s legs and within the child's access. K.A. was detained from the guardian's custody at the initial hearing, where the court also ordered the former guardian and maternal aunt, K.R., to not be present at visits. K.A. was involved with juvenile dependency in 2018, resulting in the child being released to the guardian. In January 2023, the court sustained the petition against the guardian as pled, ordering her to submit to random drug testing, parenting, conjoint counseling with K.A., and individual counseling.

At the six-month review hearing, the juvenile court found the guardian made no substantial progress towards alleviating or mitigating the causes that necessitated placement. K.A. spoke with the court and requested to be returned to the guardian, but the court informed K.A. the guardian needed to comply with her case plan. The court ordered reunification services to be continued for the guardian. The court made the same findings and orders at the 12-month review period, further concluding the guardian's progress was unsubstantial and ordering reunification services to be continued. At the 18-month review hearing, the court found the guardian had made substantial progress but continued reunification services due to considerable risks still being present.

After several continuances, the 24-month review hearing was held on December 3, 2024. The guardian requested K.A. to be released back to her custody due to the lack of safety risks. The

3

guardian argued she had directly addressed substance abuse concerns by demonstrating sobriety through clean tests and participating in methadone maintenance, random drug testing, and individual counseling through the drug program. The guardian asserted she also completed parenting and conjoint counseling sessions. The guardian maintained that, despite certain barriers, she attended multiple visits and had weekly phone contact with K.A. The guardian contended perfect compliance with the case plan was not required, and there was not a safety issue in this case.

DCFS argued the case should not even have been allowed to proceed to this stage given the guardian's lack of compliance with the case plan. DCFS asserted the guardian had not been involved with K.A.'s treatment with his therapist despite many efforts to get her involved. DCFS maintained K.A.'s therapist had expressed concerns that K.A.'s return would risk the progress he had made in his treatment. DCFS indicated the guardian made some visits, but they were inconsistent. DCFS stressed the guardian had received many chances and was not even in partial compliance with the case plan.

The juvenile court denied K.A.'s return to the guardian's custody after stating it read and considered the DCFS reports, noting it had been on this case for the full two years and also was involved with other matters concerning the family for around 10 to 12 years. The court concluded it could not order the child's return based on the evidence presented. The court added, "the guardian has continued to be in partial compliance with the case plan and the visits have been spotty and, frankly, we need a long term assessment of a caretaker and it's not here either." The

court terminated reunification services and set a hearing pursuant to section 366.26.

Two days later, the guardian filed a notice of intent to file a writ petition challenging the findings and orders made with respect to the order setting a section 366.26 hearing. The guardian subsequently filed this petition. K.A.'s whereabouts later became unknown, which led to the juvenile court issuing a protective custody warrant on January 2, 2025, to locate the child.

## DISCUSSION

The guardian contends the juvenile court did not consider all factors relevant to its decision to terminate reunification services, thereby failing to comply with the recent changes to section 366.25. The guardian asserts the court did not make a record in accordance with section 366.25, subdivision (a)(2), explaining how her conduct placed K.A. at substantial risk of harm. The guardian posits substantial evidence does not show K.A.'s return would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child.

Under section 366.25, subdivision (a)(1), the juvenile court must order at the 24-month review hearing "the return of the child to the physical custody of their parent or legal guardian unless the court finds, by a preponderance of the evidence, that the return of the child to their parent or legal guardian would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child." "Whether or not the child is returned to their parent or legal guardian, the court shall specify the factual basis for its decision. If the child is not returned to a parent or legal guardian, the court shall specify the

5

factual basis for its conclusion that return would be detrimental." (*Id.*, subd. (a)(2).)

Before January 1, 2024, provisions governing status review hearings in the Welfare and Institutions Code contained language making a legal guardian's failure to regularly participate and make substantive progress in court-ordered treatment programs prima facie evidence that a child's return would be detrimental. (See *In re Nolan W.* (2009) 45 Cal.4th 1217, 1234–1235; 16 Witkin, Summary of Cal. Law (11th ed. 2024) Juvenile Court Law, § 423.) Recent amendments to the statute removed this language from sections 366.21, subdivisions (e)(1) and (f)(1), 366.22, subdivision (a)(1), and 366.25, subdivision (a)(1). (16 Witkin, *supra*, § 423.) The committee report of the Assembly Committee on Judiciary notes these amendments "require[] the court to make the determination of a parent's ability to reunify with their child based on the totality of the circumstances, rather than requiring the court to begin with the assumption that the parent is unfit based upon their failure to participate in treatment programs (and requiring the parent to overcome the presumption against their ability to reunify with their children)." (Assem. Com. On Judiciary, Rep. on Sen. Bill No. 463 (2023-2024 Reg. Sess.) as amended Mar. 20, 2023, p. 5.)

Here, DCFS acknowledges these recent changes in the law and maintains it does not oppose remanding the matter for a new hearing under section 366.25 because the order contains ambiguities and the child has been missing since the court issued the order. We agree the case should be remanded for this purpose. The juvenile court's findings and orders are incomplete and contain ambiguities making it unclear if the proper standard and facts were considered. Namely, the court failed to state the

specific grounds for its decision. The court specified generally it read DCFS's report and could not, based on the evidence before it, order K.A.'s return. The court indicated it had been on this case for the full two years and involved with the family in other matters for about 10 to 12 years. The court specifically found the guardian continued to only be in partial compliance with the case plan and that visits were "spotty." However, it is unclear if the court accepted these facts as prima facie evidence of detriment in returning the child to the guardian's custody and thereby denied the child's return. As the factual basis for its decision is required under section 366.25, subdivision (a)(2), the court must be more specific.

In addition, new facts have developed that may be relevant to the juvenile court's findings. K.A. went missing after the court issued its order on December 3, 2024.[2] On January 2, 2025, the court issued a protective custody warrant for K.A. and requested DCFS to recall the warrant once the child is located. The fact the child has been missing for a substantial period of time may be a relevant factor the court considers in its findings regarding termination of reunification services.

Accordingly, we remand the matter so a new hearing can be held in accordance with section 366.25. Given the changes in the law, the juvenile court is directed to clarify and state the basis for its findings regarding whether reunification is in the child's best interest. The fact the child has been missing for a considerable length of time is an additional factor that may be relevant to the

---

[2]     We have granted DCFS's motion for judicial notice of the juvenile court's January 2, 2025 minute order, which shows the court issued a protective custody warrant for K.A.

court's determination, though we take no position on the weight, if any, assigned to it by the fact finder.

## DISPOSITION

The petition is granted, and the matter is remanded for the juvenile court to hold a new hearing under section 366.25 consistent with this opinion. On remand, the court shall determine in accordance with section 366.25 if the child's return to the guardian's custody would pose a substantial risk of detriment to the safety, protection, or physical or emotional well-being of said child.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
RICHARDSON, J.